UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| UNITED STATES OF AMERICA, | 2:17-CR-306-JCM-VCF |
|---|---|
| Plaintiff, | **Preliminary Order of Forfeiture** |
| v. | |
| EDGAR ROJAS,<br>a.k.a. "Edgar Andres Viloria Rojas,"<br>a.k.a. "Guapo,"<br>a.k.a. "Guapo1988,"<br>a.k.a. "Onlyshop," | |
| Defendant. | |

This Court finds Edgar Rojas, a.k.a. "Edgar Andres Viloria Rojas," a.k.a. "Guapo," a.k.a. "Guapo1988," a.k.a. "Onlyshop," pled guilty to Count One of a Nine-Count Second Superseding Criminal Indictment charging him with racketeering conspiracy in violation of 18 U.S.C. § 1028; 18 U.S.C. § 1029; 18 U.S.C. § 1343; 18 U.S.C. § 1344; 18 U.S.C. § 1543; and 18 U.S.C. § 1962(c) and (d). Second Superseding Criminal Indictment, ECF No. 303; Change of Plea, ECF No. __; Plea Agreement, ECF No. __.

This Court finds Edgar Rojas, a.k.a. "Edgar Andres Viloria Rojas," a.k.a. "Guapo," a.k.a. "Guapo1988," a.k.a. "Onlyshop," agreed to the imposition of an in personam criminal forfeiture money judgment set forth in the Bill of Particulars and the Forfeiture Allegation of the Second Superseding Criminal Indictment, specified as $554,712.68 in the Plea Agreement. Second Superseding Criminal Indictment, ECF No. 303; Bill of Particulars, ECF No. 361; Plea Agreement, ECF No. __; Change of Plea, ECF No. __.

The in personam criminal forfeiture money judgment is (1) any interest acquired or maintained in violation of 18 U.S.C. § 1962(c) and (d); (2) any interest in; security of; claim

against; or property or contractual right of any kind affording a source of influence over; any enterprise established, operated, controlled, conducted, or participated in the conduct of, in violation of 18 U.S.C. § 1962(c) and (d); (3) any property constituting, or derived from, any proceeds obtained, directly or indirectly, from racketeering activity or unlawful debt collection in violation of 18 U.S.C. § 1962(c) and (d); (4) any personal property used or intended to be used to commit the violations of 18 U.S.C. § 1028; (5) any personal property used or intended to be used to commit the violations of 18 U.S.C. § 1029; (6) any property, real or personal, which constitutes or is derived from proceeds traceable to violations of 18 U.S.C. §§ 1028, 1029, 1343, 1344, and 1543, specified unlawful activities as defined in 18 U.S.C. §§ 1956(c)(7)(A) and 1961(1)(B), or 18 U.S.C. § 1962(c) and (d), conspiracy to commit such offenses; (7) any property constituting, or derived from, proceeds obtained directly or indirectly, as the result of violations of 18 U.S.C. §§ 1343 and 1344, affecting a financial institution, or 18 U.S.C. § 1962(c) and (d), conspiracy to violate such offenses; (8) any property constituting, or derived from, proceeds obtained directly or indirectly, as the result of violations of 18 U.S.C. §§ 1028 and 1029, or 18 U.S.C. § 1962(c) and (d), conspiracy to violate such offenses; (9) any property real or personal that constitutes, or is derived from or is traceable to the proceeds obtained directly or indirectly from the commission of 18 U.S.C. §§ 1028 and 1543, or 18 U.S.C. § 1962(c) and (d), conspiracy to violate such offenses; and (10) any property real or personal that is used to facilitate, or is intended to be used to facilitate, the commission of 18 U.S.C. §§ 1028 and 1543, or 18 U.S.C. § 1962(c) and (d), conspiracy to violate such offenses, and is subject to forfeiture pursuant to 18 U.S.C. § 1963(a)(1), (a)(2), (a)(3), and (m); 18 U.S.C. § 1028(b)(5), (g), and (h); 18 U.S.C. § 1029(c)(1)(C) and 1029(c)(2); 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c); 18 U.S.C. § 982(a)(2)(A); 18 U.S.C. § 982(a)(2)(B); 18 U.S.C. § 982(a)(6)(A)(ii)(I) with 982(a)(6)(B); and 18 U.S.C. § 982(a)(6)(A)(ii)(II) with 982(a)(6)(B).

    This Court finds that Edgar Rojas, a.k.a. "Edgar Andres Viloria Rojas," a.k.a. "Guapo," a.k.a. "Guapo1988," a.k.a. "Onlyshop," shall pay an in personam criminal forfeiture money judgment of $554,712.68 to the United States of America, not to be held

jointly and severally liable with any codefendants and the collected money judgment amount between the codefendants is not to exceed $586,000,000 pursuant to Fed. R. Crim. P. 32.2(b)(1) and (b)(2); 18 U.S.C. § 1963(a)(1), (a)(2), and (a)(3); 18 U.S.C. § 1028(b)(5), (g), and (h); 18 U.S.C. § 1029(c)(1)(C) and 1029(c)(2); 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c); 18 U.S.C. § 982(a)(2)(A); 18 U.S.C. § 982(a)(2)(B); 18 U.S.C. § 982(a)(6)(A)(ii)(I) with 982(a)(6)(B); 18 U.S.C. § 982(a)(6)(A)(ii)(II) with 982(a)(6)(B); and 18 U.S.C. § 1963(m).

This Court finds that on the government's motion, the Court may at any time enter an order of forfeiture or amend an existing order of forfeiture to include subsequently located property or substitute property pursuant to Fed. R. Crim. P. 32.2(e) and 32.2(b)(2)(C).

The in personam criminal forfeiture money judgment complies with *Honeycutt v. United States*, 137 S. Ct. 1626 (2017).

THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the United States of America recover from Edgar Rojas, a.k.a. "Edgar Andres Viloria Rojas," a.k.a. "Guapo," a.k.a. "Guapo1988," a.k.a. "Onlyshop," an in personam criminal forfeiture money judgment of $554,712.68.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Clerk send copies of this Order to all counsel of record and three certified copies to the United States Attorney's Office, Attention Asset Forfeiture Unit.

DATED January 25, 2021.

JAMES C. MAHAN
UNITED STATES DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

A copy of the foregoing was served upon counsel of record via Electronic Filing on **January 22**, 2021.

/s/ Heidi L. Skillin
HEIDI L. SKILLIN
FSA Contractor Paralegal